# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

JACQUELINE D. MALONE                                                                                                       PLAINTIFF

v.                                                                                CIVIL ACTION NO. 3:17-CV-113-RP

COMMISSIONER OF SOCIAL SECURITY                                         DEFENDANT

## FINAL JUDGMENT

Plaintiff Jacqueline D. Malone filed suit under 42 U.S.C. § 1383(c)(3) for judicial review of the unfavorable decision of the Commissioner of Social Security regarding an application for supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provision of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 18. The Court, having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, and as explained further from the bench at the conclusion of the hearing hereon, finds as follows:

The Commissioner's decision that Plaintiff's disability ended as of July 31, 2013 is not supported by substantial evidence. The ALJ's determination of medical improvement at Step Three was not made "by a comparison of prior and current medical evidence" as required by 20 C.F.R. § 404.1594(c)(1). The ALJ did not have – and the record in this case does not contain – the medical evidence upon which the most recent favorable medical decision was based. In fact, the prior disability file was/is absent, apparently because it was "purged" from the records of the Tupelo, Mississippi hearing office. It appears the ALJ made no further effort to locate the file.[1]

---

[1] At the hearing on this appeal, plaintiff's counsel (who did not represent plaintiff below) suggested it is possible the prior disability file is in storage at an SSA location other than the local hearing office.

Having concluded the file cannot be located, the ALJ made no determination whether an attempt should be made to reconstruct the relevant portions of the missing file as required by 20 C.F.R. § 404.1594(c)(3)(v). Failing such a reconstruction, "medical improvement cannot be found." 20 C.F.R. § 404.1594(c)(3)(v).

The Commissioner's decision is reversed and remanded with instructions to obtain and review the prior file if possible. If it cannot be located, the ALJ should determine whether an attempt should be made to reconstruct those portions of the missing file that were relevant to the most recent favorable medical decision. If for any reason the relevant parts are not reconstructed, medical improvement cannot be found. *See Hallaron v. Colvin,* 578 Fed. App'x. 350, 353-54 (5th Cir. 2014) (stating regulations preclude finding of medical improvement when prior file cannot be found and is not reconstructed, and remanding for determination whether attempt should be made to reconstruct relevant parts); *Smith v. Commissioner,* No. 3:16cv212-RP, 2017 WL 2292795, *3-4 (N.D. Miss. May 24, 2017) (remanding for review of prior file in making medical improvement determination).

**SO ORDERED AND ADJUDGED**, this the 18th day of May, 2018.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE